**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DARIN YOUNG,
           Appellant,

v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
CH-1221-23-0180-W-1

DATE: August 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darin Young, Fairborn, Ohio, pro se.

Amber Groghan, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a Housekeeping Aid Supervisor at the agency's Dayton, Ohio VA Medical Center. Initial Appeal File (IAF), Tab 1 at 7, 16, Tab 6 at 4. On February 9, 2023, the appellant filed this individual right of action (IRA) appeal, alleging that the agency took several personnel actions against him in reprisal for his protected whistleblower activity. IAF, Tab 1 at 3-5.

¶3 The administrative judge issued jurisdictional orders in which he apprised the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordered him to submit evidence and argument establishing Board jurisdiction, IAF, Tabs 3, 12, to which the appellant responded, IAF, Tabs 6-7, 16. Shortly thereafter, the agency filed a motion for sanctions or in the alternative to compel, citing the appellant's "refusal to participate in the discovery process." IAF, Tab 17. Although the appellant opposed the motion, IAF, Tab 19, the administrative judge granted it in part and ordered him to respond to the agency's written discovery requests by April 28, 2023, and to sit for any re-noticed deposition. IAF, Tab 20.

¶4        On April 28, 2023, the appellant filed a pleading titled "Request to Withdraw" through the Board's e-Appeal Online system, which stated, "This is my request to withdraw this appeal." IAF, Tab 21. Thereafter, the administrative judge issued a notice of intent to dismiss the appeal, advising the appellant that withdrawing his appeal is an act of finality, and instructing the appellant to notify him by May 4, 2023, if he wished to pursue his appeal. IAF, Tab 22. The appellant did not respond. Therefore, on May 5, 2023, the administrative judge issued an initial decision dismissing the appeal as withdrawn, concluding that the appellant's request was "clear, unequivocal, and decisive." IAF, Tab 23, Initial Decision.

¶5        The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        On review, the appellant does not challenge the administrative judge's decision to grant his request to withdraw or otherwise argue that his request was in error. PFR File, Tab 1 at 4-7. Instead, he appears to challenge the administrative judge's discovery rulings that predated his withdrawal request. *Id.*

¶7        When an appellant directly petitions the full Board for review of an initial decision dismissing an appeal as withdrawn, the Board will treat the petition as a request to reopen his appeal. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶¶ 9-13 (2010). An appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Id.*, ¶ 7. A voluntary withdrawal, however, must be clear, decisive, and unequivocal. *Id.* Here, the record reflects, and the appellant does not dispute, that he unequivocally expressed his intent to withdraw the appeal when he submitted a pleading through the e-Appeal Online system informing the administrative judge that he wished to withdraw his appeal. IAF, Tab 21 at 3.

¶8		Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Lincoln*, 113 M.S.P.R. 486, ¶ 9.  However, the Board may relieve an appellant of the consequences of his decision to withdraw an appeal when the decision was based on misleading or incorrect information provided by the Board or the agency.  *Potter v. Department of Veterans Affairs*, 116 M.S.P.R. 256, ¶ 7 (2011). The appellant has not alleged, nor do we find, that he relied upon misleading or incorrect information provided by the Board or the agency in deciding to withdraw his appeal.   *Cf. id.*, ¶¶ 10-15 (excusing the appellant from the consequences of his decision to withdraw his appeal based on misinformation provided by the administrative judge regarding the scope of applicable Board remedies).

¶9		Accordingly, we find that the appellant has not established any basis for reinstating his appeal, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

    **(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

    Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

        <u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

    Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

    If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.